IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JESSIE J. HARRIS                                                                                          PLAINTIFF

V.                                            CASE NO. 07-cv-4006

UNITED STATES OF AMERICA                                                           DEFENDANT

## MEMORANDUM OPINION

Before the Court is a Motion for Partial Summary Judgment filed by the Defendant. (Doc. 14). The Plaintiff responded and requested additional time to complete discovery under Federal Rule of Civil Procedure 56(f). (Doc. 16). The Court ordered Plaintiff to respond to Defendant's Motion on the merits. (Doc. 30). Plaintiff responded to the merits of Defendant's Motion. (Doc. 32). The Court finds the matter ripe for consideration.

## BACKGROUND

On February 1, 2007, Plaintiff brought the above styled matter against the Defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et. seq. Plaintiff alleges that he was injured as a result of the negligence of Jared Nickalas, an employee of the United States Postal Service.

The negligent act Plaintiff complains of occurred on August 30, 2002. Mr. Nickalas, while driving his mail truck, exited an alleyway onto Walnut Street and struck the vehicle that Plaintiff was riding in as a passenger. ("Accident") Plaintiff asserts that as a direct and proximate result of Mr. Nickalas's actions Plaintiff has suffered personal injuries and damages. At issue in this Motion is whether Mr. Nickalas's actions were the proximate cause of Plaintiff's cervical spine injuries and his cervical disk fusion surgery. Plaintiff asserts that he suffered bulging discs at the C5-6 and C6-7 levels of his cervical spine. This injury required extensive physical therapy, epidural steroid injections, and an

interior cervical fusion surgery at both the C5-6 and C6-7 levels of his spine.

It is Defendant's position that the Accident was not the direct and proximate cause of Plaintiff's cervical spine injuries and surgery. Defendant supports this position with the depositions of Dr. Donald R. Smith and Dr. John Dietze. Dr. Smith reviewed Plaintiff's medical records and concluded that Plaintiff's complaints regarding the cervical spine injuries and the disk fusion are not related to the Accident. Dr. Smith concludes, instead, that Plaintiff's cervical disk problems are the result of a degenerative joint disease and were present before the Accident occurred. Dr. Smith also stated that the Accident did not aggravate Plaintiff's pre-existing degenerative joint disease. Dr. Dietze first saw Plaintiff on October 30, 2003 and at this time diagnosed him with degenerative arthritic changes in the disks in his spine and neck. In October 2005, Dr. Deitze performed Plaintiff's cervical disc fusion surgery. Dr. Deitze stated that Plaintiff should have recovered and been able to return to work after the surgery. (Deitze Deposition, p. 31 ). Dr. Dietze also stated that when he was treating Plaintiff he was not aware of the Accident and he could not form an opinion on whether the Accident could be a factor causing Plaintiff's medical problems. (Dietze Deposition, p. 36-37).

Plaintiff responded to Defendant's Motion for Partial Summary Judgment with testimony from Dr. Roshan Sharma. Dr. Sharma is one of Plaintiff's treating physicians. Dr. Sharma diagnosed Plaintiff with chronic cervical radiculopathy—an inflammation of the nerve roots in the neck. (Sharma Deposition, p. 7). It is Dr. Sharma's opinion that Plaintiff had pre-existing arthritis in the form of cervical spinal stenosis and degenerative arthritis in his spine, but the Accident aggravated this condition causing Plaintiff to require the cervical disc fusion surgery. (Sharma Deposition, p. 8). Dr. Sharma also stated that Plaintiff did not suffer from radiculopathy prior to the Accident. (Sharma Deposition, p. 27).

SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment is well established under Rule 56(c) of the Federal Rules of Civil Procedure. A summary judgment motion should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct 2505, 91 L.Ed. 202 (1986). The Court must view the evidence in the light most favorable to the nonmoving party giving him the benefit of all reasonable factual inferences. *Reed v. ULS Corp.,* 178 F.3d 988, 990 (8th Cir. 1999). The moving party bears the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank of Missouri,* 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party meets this burden, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on the issue. *Anderson*, 477 U.S. at 249. To avoid summary judgment the non-movant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit," or by "depositions, answers to interrogatories, and admissions on file," and designate specific facts showing there is genuine issue for trial. *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

DISCUSSION

Here, Defendant asserts that there are no genuine issues as to any material facts regarding the proximate cause of Plaintiff's cervical disc injuries and subsequent cervical disk fusion surgery. The Court disagrees. There is testimony in the record from Dr. Smith stating that the Accident did not cause Plaintiff's cervical injuries and subsequent surgery, but there is also testimony in the record from Dr.

3

Sharma stating that it did. Under Arkansas law, to establish a cause of negligence the Plaintiff must prove: 1) that the Defendant owed him a duty; 2) that the Defendant breached this duty; and 3) that the breach was the proximate cause of Plaintiff's injury. *Branscumb v. Freeman,* 360 Ark. 171, 174, 200 S.W.3d 411, 413 (2004). The Court finds that the conflicting testimonies from the doctors present a genuine issue of material fact as to the proximate cause of Plaintiff's spinal injuries and surgery. The Court will not attempt to determine which of the doctor's testimony is more credible because the Court's function at the summary judgment stage is not to weigh the evidence. *Anderson,* 477 U.S. at 249. Furthermore, proximate causation is usually an issue for the jury to decide, and when there is evidence to establish a causal connection between the negligence of the Defendant and the damage, it is proper for the case to go to the jury. *City of Caddo Valley v. George,* 340 Ark. 203, 213, 9 S.W.3d 481, 487 (2000) (citing *Union Pacific Railroad Co. v. Sharp,* 330 Ark. 174, 181, 952 S.W.2d 658, 662 (1997)). The Court finds that a reasonable jury could determine that Dr. Sharma's testimony is evidence that creates a causal connection between Defendant's negligence and Plaintiff's cervical spine injury and surgery.

## CONCLUSION

Taking all the facts in the light most favorable to Plaintiff the Court finds, for the reasons stated above, that Defendant is not entitled to partial summary judgment. Therefore, Defendant's Motion for Partial Summary Judgment should be and hereby is **DENIED**.

IT IS SO ORDERED, this 21st day of April, 2009.

    /s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge